UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONILLA,<br><br>           Petitioner. | Case No. 19-cv-06680-VC  (PR)<br><br>**ORDER DISMISSING WITH PREJUDICE PETITION FOR WRIT OF MANDAMUS** |

       Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* document entitled, "In re: to the matter of Steven Wayne Bonilla being declared a vexatious litigant," in which he argues the California vexatious litigant statute, California Code of Civil Procedure section 391, and the federal vexatious litigant statute, 28 U.S.C. § 1915(g), are unconstitutional. The Clerk of the Court designated this case as a petition for a writ of mandamus. These state and federal statutes provide that a litigant who has filed a certain number of frivolous lawsuits may not be granted in forma pauperis status.

       Section 391 has been "repeatedly held constitutional by both state and federal courts." *Ervin v. Judicial Council of California*, 2008 WL 1885726, *2 (N.D. Cal. Apr. 24, 2008) (citing *Wolfe v. George*, 486 F.3d 1120, 1124-25 (9th Cir. 2007); *Bravo v. Ismaj*, 99 Cal. App. 4th 211, 222 (2002)).

       Likewise 28 U.S.C. § 1915(g) has withstood various constitutional challenges. Section 1915(g) does not violate prisoners' Fifth Amendment rights to due process and equal protection because there is a rational basis for the rule – a rule which does not infringe upon prisoners' fundamental rights or discriminate against a suspect class. *Rodriguez v. Cook*, 169 F.3d 1176, 1180-81 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims—they are only required to pay for

filing those claims"). It also does not run afoul of the separation of powers doctrine either. *Id.* at 1181-82.

The gravamen of Bonilla's petition is his dissatisfaction with the outcome of his state criminal proceedings. *See* Petition at 6. Any claim regarding his state criminal proceedings must be filed in his pending habeas case, *Bonilla v. Ayers*, Jr., 08-0471 YGR, not as a separate petition.

Furthermore, this Court lacks the authority to issue orders to a state court or to another federal district court. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (petition for a writ of mandamus to compel a state court or official to take some action is frivolous as a matter of law); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987) (a federal district court lacks authority to issue a writ of mandamus to another district court).

This is not a case in which the undersigned judge's impartiality might be reasonably questioned. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

The petition is dismissed with prejudice. The Clerk shall close the case, terminate all pending motions and return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated: November 25, 2019

_____
VINCE CHHABRIA
United States District Judge